FITAPELLI & SCHAFFER, LLP
Brian S. Schaffer (BS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212) 300-0375
Fax:         (212) 564-5468

**09 CIV 4405**

**JUDGE KOELTL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AURELIO CARUSO on his own behalf and on behalf of :
all those similarly situated,

                               Plaintiffs,

    - against -

CIPRIANI 42nd STREET, LLC, CIPRIANI USA, INC.,
CIPRIANI 55 WALL, LLC, CIPRIANI CLUB 55, LLC, :
CIPRIANI FIFTH AVENUE, LLC, CIPRIANI FOODS,
LLC, CIPRIANI GROUP, INC., CIPRIANI LA :
MANAGER LLC, CIPRIANI LANDMARK
MANAGEMENT, LLC, CIPRIANI MANAGER, LLC, :
CIPRIANI PARK AVENUE, LLC, CIPRIANI
RESTAURANT 55, LLC, DOWNTOWN RESTAURANT :
COMPANY, LLC, VITTORIA CORPORATION, GC 55
BALLROOM, LLC, GC BALLROOM OPERATOR, LLC ,:
CIPRIANI 110, LLC, CIPRIANI 200, LLC and XYZ
CORPORATION a fictitious corporation.       :

                               Defendants.
-----------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

RECEIVED MAY 07 2009 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff by and through his counsel, FITAPELLI & SCHAFFER, LLP, individually and on behalf of all those similarly situated, states the following as their Complaint against the Defendants:

### NATURE OF THE ACTION

    1.     Plaintiff brings this action against Defendants Cipriani 42nd Street, LLC, Cipriani USA, Inc., Cipriani 55 Wall, LLC, Cipriani Club 55, LLC, Cipriani Fifth Avenue, LLC, Cipriani

Foods, LLC, Cipriani Group, Inc., Cipriani LA Manager LLC, Cipriani Landmark Management, LLC, Cipriani Manager, LLC, Cipriani Park Avenue, LLC, Cipriani Restaurant 55, LLC Downtown Restaurant Company, LLC, Vittoria Corporation, GC 55 Ballroom Operator, LLC, Cipriani 110, LLC, Cipriani 200, LLC and XYZ Corporation, a fictitious corporation (collectively, "Cipriani"), to recover damages for Defendants' egregious violations of federal wage and overtime laws during Plaintiffs' employment. Plaintiff Aurelio Caruso has been employed by Defendants as a chef since 2004, until on or about April 10, 2009.

2. Plaintiff regularly worked in excess of 40 hours per week and was not paid time and one half for any and all hours over 40 in a given week.

3. Plaintiff, by his attorneys, seek to recover unpaid wages, liquidated damages, attorneys' fees, costs and interest for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL").

4. Plaintiff brings this action on behalf of himself and similarly situated current and former chefs who elect to opt-in to this action, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy defendants' violations of the wage and hour provisions of the FLSA that have deprived Plaintiff and similarly situated current and former chefs of their lawfully earned wages.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216 (b) and jurisdiction over the State law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

### PLAINTIFF

8. Plaintiff, Aurelio Caruso is an adult residing at 59 Pond Street, Staten Island, New York 10309. He consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). His written consent is attached hereto and incorporated by reference.

9. During his employment with Cipriani, plaintiff Aurelio Caruso worked as a chef at Cipriani 42nd Street, Cipriani Wall Street and the Rainbow Grill.

10. At all relevant times, Plaintiffs were covered employees of Defendants within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.* and the New York Labor Law.

11. Pursuant to Cipriani's policy, pattern and/or practice, Plaintiff regularly worked more than 40 hours per week and was not paid proper premium overtime. Cipriani has failed to keep accurate records with respect to Plaintiff's work and hours.

### DEFENDANTS

12. Upon information and belief, Defendant Cipriani 42nd Street, LLC is a domestic business limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

13. Upon information and belief, Defendant Cipriani USA, Inc., is a foreign business corporation organized under the laws of Delaware with a place of business located at 110 East 42nd Street, New York, New York 10022.

14. Upon information and belief, Cipriani 55 Wall, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

15. Upon information and belief, Cipriani Club 55, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

16. Upon information and belief, Cipriani Fifth Avenue, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

17. Upon information and belief, Cipriani Foods, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

18. Upon information and belief, Cipriani Group, Inc., is a domestic business corporation organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

19. Upon information and belief, Defendant Cipriani LA Manager, LLC, is a foreign limited liability company organized under the laws of Delaware with a place of business located at 110 East 42nd Street, New York, New York 10022.

20. Upon information and belief, Cipriani Landmark Management, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

21. Upon information and belief, Cipriani Manager, LLC, is a domestic limited liability company under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

22. Upon information and belief, Cipriani Park Avenue, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

23. Upon information and belief, Cipriani Restaurant 55, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

24. Upon information and belief, Downtown Restaurant Company, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

25. Upon information and belief, Vittoria Corporation, is a domestic business corporation organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

26. Upon information and belief, GC 55 Ballroom, LLC, is a foreign limited liability company organized under the laws of Delaware with a place of business located at 110 East 42nd Street, New York, New York 10022.

27. Upon information and belief, Cipriani 110, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

28. Upon information and belief, Cipriani 200, LLC, is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

29. Upon information and belief, XYZ Corporation, a fictitious corporation is a domestic limited liability company organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

30. Upon information and belief, XYZ Corporation, a fictitious corporation is a domestic business corporation organized under the laws of New York with a place of business located at 110 East 42nd Street, New York, New York 10022.

31. Collectively, the above referenced defendants shall be hereinafter be referred to as "Cipriani." Defendants Cipriani are Plaintiffs' employer within the meaning of the FLSA and NYLL.

32. At all times relevant, Defendants Cipriani have been engaged in interstate commerce and their annual gross volume of sales or business done was not less than $500,000.00.

## STATEMENT OF FACTS

33. Defendants Cipriani is a world renowned restaurant group which owns and manages restaurants, event spaces and retail brands in New York, Venice, London, Miami, Porto Cervo, Los Angeles and Hong Kong.

34. Cipriani's restaurants in New York include: Harry Cipriani, Cipriani Downtown, Cipriani Dolci, Cipriani Wall Street, Rainbow Grill and Cipriani Le Specialita.

35. Cipriani's Event spaces in New York include Cipriani 42nd Street and Cipriani Wall Street.

36. Cipriani also manufactures, sells and distributes specialty foods through its retail brand Cipriani Foods.

37. Plaintiff and all other similarly situated persons are current and former salaried chefs employed by Defendants.

38. All chefs employed by Defendants over the last three years have had essentially the same job duties.

39. For all or part of the relevant time period, Defendants have failed to keep accurate records reflecting the amount of time worked by chefs in a given week.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

41. Plaintiffs bring the FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to accurately record all hours worked and failing to pay chefs time and one half for all overtime hours worked.

42. The FLSA Collective is comprised of all chefs who have been employees of Defendants at any time within three years from the date of this complaint. Plaintiffs and the FLSA Collective have been blatantly misclassified as "exempt" and have been subject to the unlawful practices outlined and described herein.

43. The number and identity of the FLSA Collective may be determined from Defendants' records and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

44. There are many similarly situated current and former Cipriani employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and an opportunity to join the present lawsuit. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

45. Consistent with Cipriani's policy and pattern or practice, Plaintiff and the members of the FLSA Collective regularly worked in excess of 40 hours per week without being paid overtime wages.

46. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Cipriani and/or Cipriani has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

47. As part of its regular business practice, Cipriani has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the NYLL with respect to Plaintiff and the Collective members. This policy and pattern or practice includes but is not limited to:

> (a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, overtime wages for hours that they worked in excess of 40 hours per work week;
>
> (b) willfully classifying all of its chefs as exempt from the overtime requirements of the FLSA and the NYLL; and

8

(c) willfully failing to record all of the time that its employees, including Plaintiff and the Collective members, have worked for the benefit of Cipriani.

(d) Cipriani's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying chefs as exempt from the overtime requirements of the FLSA and NYLL and violating the FLSA and the NYLL by failing to pay chefs overtime premiums for time they worked in excess of 40 hours per workweek.

(e) Cipriani is aware or should have been aware that state and federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per work week.

(f) All Cipriani chefs perform the same primary duties.

(g) Cipriani's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
(Brought by Plaintiffs individually and on behalf of all others similarly situated)

48. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

49. At all times relevant to this action, Plaintiffs were employees and Defendants were employers within the meaning of 29 U.S.C. §203.

50. At all times relevant to this action, Plaintiffs and the FLSA Collective were employed by Defendants within the meaning of 29 U.S.C. §203.

51. Defendants willfully failed to keep accurate records of hours worked and failed to pay Plaintiffs and the FLSA Collective overtime compensation for each hour worked in excess of forty hours in a workweek in violation of 29 U.S.C. §207.

52. Section 13 of the FLSA, 29 U.S.C. §213 exempts certain categories of employees from the overtime pay obligations set forth under §7(a)(1) of the FLSA. None of the FLSA exemptions apply to Plaintiffs and the FLSA Collective.

53. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling because Defendants acted willfully and knew, or showed, reckless disregard for whether its conduct was prohibited by §6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. §255(a).

54. As a result of Defendants' willful FLSA violations, Plaintiffs and the FLSA Collective are entitled to recover from Defendants amounts to be proven at trial for their unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
(Brought by Plaintiffs individually and on behalf of all others similarly situated)

55. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

56. At all times relevant to this action, Plaintiffs were employees and Defendants were employers within the meaning of the NYLL.

57. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the FLSA Collective time and one half of their regular hourly rate for all hours worked in excess of forty.

58. Defendants failed to pay Plaintiffs and the FLSA Collective the overtime wages that they are entitled under the NYLL, thus violating NYLL articles 6 and 19 and their implementing regulations, 12 N.Y.C.R.R. Part 142.

59. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective the correct amount of overtime wages.

60. Due to Defendant's willful violations of the NYLL, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and costs of this action and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately prior to the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by Defendants as chefs. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

ii. Declare Defendants' conduct to be a violation of Plaintiffs' rights under the FLSA and the NYLL;

iii. Award Plaintiffs and the FLSA Collective unpaid overtime compensation due under the FLSA and the NYLL and an additional amount as liquidated damages because of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. §216(b) and the NYLL;

iv. Award Plaintiffs and the FLSA Collective prejudgment and post-judgment interest;

v. Award Plaintiffs and the FLSA Collective the cost of this action together with reasonable attorney fees pursuant to §29 U.S.C. 216(b) and the NYLL.

11

Dated: May 6, 2009
      New York, New York

                                      Respectfully submitted,

                                      **FITAPELLI & SCHAFFER, LLP**
                                      *Attorneys for Plaintiffs and proposed Collective Action Plaintiffs*
                                      1250 Broadway, Suite 3701
                                      New York, New York 10001
                                      Tel.:  (212) 300-0375
                                      Fax:  (212) 564-5468

                                      By:    /s/ Brian S. Schaffer
                                               Brian S. Schaffer (BS 7548)

# FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against Cipriani and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

*Aurelio Caruso* (signature)

Signature

AURELIO CARUSO

Full Legal Name (Print)

59 POND ST

Address

STATEN ISLAND, NY 10309

City, State    Zip Code