A. Michael Weber (mweber@littler.com)
Michael P. Pappas (mpappas@littler.com)
Sara Danielle Sheinkin (ssheinkin@littler.com)
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
212.583.9600

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AURELIO CARUSO on his own behalf and on behalf of all those similarly situated,<br><br>                  Plaintiff,<br><br>              -against-<br><br>CIPRIANI 42nd STREET, LLC, CIPRIANI USA, INC., CIPRIANI 55 WALL, LLC, CIPRIANI CLUB 55, LLC, CIPRIANI FIFTH AVENUE, LLC, CIPRIANI FOODS, LLC, CIPRIANI GROUP, INC., CIPRIANI LA MANAGER LLC, CIPRIANI LANDMARK MANAGEMENT, LLC, CIPRIANI MANAGER, LLC, CIPRIANI PARK AVENUE, LLC, CIPRIANI RESTAURANT 55, LLC, DOWNTOWN RESTAURANT COMPANY, LLC, VITTORIA CORPORATION, GC 55 BALLROOM, LLC, GC BALLROOM OPERATOR, LLC, CIPRIANI 110, LLC, CIPRIANI 200, LLC and XYZ CORPORATION a fictitious corporation,<br><br>                  Defendants. | Case No. 09 Civ. 4405 (JGK) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS AND FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ..... ii

I. PRELIMINARY STATEMENT ..... 1

II. FACTS ..... 2

A. Plaintiff's Improper Attempt at Service ..... 2

B. Plaintiff's Factual Assertions ..... 3

III. ARGUMENT ..... 3

A. All Defendants are Entitled to Dismissal of the Claims Against them Because the Complaint was not Properly Served ..... 3

B. The Non-Employing Entities are Entitled to Dismissal of the Claims Against them Because they did not "Employ" Plaintiff ..... 5

1. Legal Standard for Dismissal ..... 5

2. Argument for Dismissal ..... 6

IV. CONCLUSION ..... 8

## TABLE OF AUTHORITIES

Page

**CASES**

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*
  493 F.3d 87 (2d Cir. 2007)...................................................................................................5

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007)..............................................................................................................5

*Cannon v. Douglas Elliman*
  2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007) .................................................. 6, 7

*Cardinale v. Southern Homes of Polk County, Inc.*
  2008 U.S. Dist. LEXIS 21716 (M.D. Fla. Mar. 19, 2008)...................................................7

*Carter v. Dutchess Cmty. Coll.*
  735 F.2d 8 (2d Cir. 1984).....................................................................................................6

*Colbert v. Int'l Sec. Bureau, Inc.*
  79 A.D.2d 448 (2d Dep't 1981)............................................................................................4

*Cook v. Arrowsmith Shelburne, Inc.*
  69 F.3d 1235 (2d Cir. 1995).................................................................................................7

*Lin v. Comprehensive Health Mgmt., Inc.*
  2009 U.S. Dist. LEXIS 29779 (S.D.N.Y. Apr. 9, 2009).......................................................7

*McKibben v. Credit Lyonnais*
  1999 U.S. Dist. LEXIS 12310 (S.D.N.Y. Aug. 10, 1999) ....................................................4

*Pearson v. Component Tech. Corp.*
  247 F.3d 471 (3d Cir. 2001).................................................................................................7

*Popkin v. Xerox Corp.*
  204 A.D.2d 704 (2d Dep't 1994)..........................................................................................4

*SEC v. Simpson Capital Mgmt., Inc.*
  586 F. Supp. 2d 196 (S.D.N.Y. 2008) ..................................................................................5

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Smith v. Local 819 I.B.T. Pension Plan*
  291 F.3d 236 (2d Cir. 2002) ................................................................................................ 6, 7

*Zen Music, Inc. v. CVS Corp.*
  1998 U.S. Dist. LEXIS 20196 (S.D.N.Y. Dec. 30, 1998) ......................................................... 4

**RULES/STATUTES**

N.Y.C.P.L.R. § 311(a) ..................................................................................................................... 4

Fed. R. Civ. P. 4(h) .......................................................................................................................... 4

Fed. R. Civ. P. 12(b)(5) ................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 5

29 U.S.C. § 203(d) .......................................................................................................................... 6

29 U.S.C. § 203(g) .......................................................................................................................... 6

29 U.S.C. § 216 ............................................................................................................................... 6

All defendants, by their attorneys, Littler Mendelson P.C., submit this memorandum of law, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, in support of their motion to dismiss the claims against them for insufficiency of service of process.

Additionally, defendants (1) Cipriani USA, Inc., (2) Cipriani 55 Wall, LLC, (3) Cipriani Club 55, LLC, (4) Cipriani Foods, LLC, (5) Cipriani Group, Inc., (6) Cipriani LA Manager LLC, (7) Cipriani Landmark Management, LLC, (8) Cipriani Manager, LLC, (9) Cipriani Park Avenue, LLC,[1] (10) Cipriani Restaurant 55, LLC, (11) Downtown Restaurant Company, LLC, (12) Vittoria Corporation, (13) GC 55 Ballroom, LLC, (14) Cipriani 110, LLC, and (15) Cipriani 200 LLC (collectively referred to herein as the "Non-Employing Entities"), move to dismiss the claims against them for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. PRELIMINARY STATEMENT

Plaintiff's claim in this action is simple. He alleges that, while working as a chef at Cipriani 42nd Street, Cipriani Wall Street, and the Rainbow Grill, he did not receive overtime wages to which he was allegedly entitled. Yet Plaintiff unnecessarily complicates this action by naming fifteen additional corporate entities[2] as defendants, without setting forth any facts in the Complaint to establish that he had an employment relationship with those entities. Rather than conduct any due diligence about the proper defendants for this action, Plaintiff has seemingly named any entity he could find with the name "Cipriani" in it.

---

[1] Cipriani Manager, LLC is a subsidiary of Cipriani Theater, LLC, both of which were formed for a potential deal, but never engaged in business. Cipriani Park Avenue, LLC was also formed for a potential deal, but never engaged in any business. The aforementioned entities are inactive. (Reuter Decl. ¶ 7.)

[2] Plaintiff also names as a defendant "XYZ Corporation, a fictitious corporation."

Plaintiff's failure to respect the distinction between the defendants or conduct any diligence about them is further illustrated by his insufficient attempt at service. Plaintiff left the summonses for all defendants with a receptionist of Cipriani USA, Inc. who specifically told the process server that she did not have the authority to accept service. Plaintiff's attempted service is insufficient under federal and New York State law, and the Complaint against all defendants should be dismissed on that ground alone.

In addition, the claims against the Non-Employing Entities should be dismissed also because Plaintiff has failed to state a claim against them under the Fair Labor Standards Act ("FLSA") or New York Labor Law.

## II.  FACTS

### A.  Plaintiff's Improper Attempt at Service

On May 19, 2009, Plaintiff sent a process server to the fifth floor of 110 East 42nd Street. (Docket Entries No. 2-19.) Upon arrival, the process server informed the receptionist of Cipriani USA, Inc., Mirabela Vacariu, that he came to serve legal papers. (Vacariu Aff. ¶ 4.) When Vacariu told the process server that she was not authorized to accept service of legal papers, he asked to see Christy Reuter. (Vacariu Aff. ¶ 5-6.) Vacariu responded that Reuter was out of the office. (Vacariu Aff. ¶ 7.) Without further discussion about how the legal papers could be properly served, the process server dropped the papers on Vacariu's desk and said, "I'll see you in court." (Vacariu Aff. ¶ 8-9.)

Plaintiff filed Proofs of Service with the Court verifying that he served the summonses on Vacariu. (Docket Entries No. 2-19.) He identifies her as an individual designated by law to accept service of process on behalf of Cipriani 42nd Street, LLC. (*Id.*) Vacariu is not, however,

designated to accept service of process on behalf of Cipriani 42nd Street, LLC or on behalf of any of the other defendants. (Vacariu Aff. ¶ 3.)

### B. Plaintiff's Factual Assertions

According to the Complaint, Plaintiff worked as a chef at Cipriani 42nd Street, Cipriani Wall Street and the Rainbow Grill.[3] (Compl. ¶ 9.) Plaintiff claims that, during his employment with those entities, he regularly worked more than forty hours per week and was not compensated at time and one half for his overtime hours. (Compl. ¶ 2, 14.)

Although indicating only that he worked at Cipriani 42nd Street, Cipriani Wall Street and the Rainbow Grill, Plaintiff asserts in the Complaint that he was a covered employee of all "Defendants," which he refers to collectively as "Cipriani." (Compl. ¶ 10, 31.) Plaintiff identifies each of the defendants as a separately organized entity. (Compl. ¶ 12-28.) While he alleges that they all have a place of business at 110 East 42nd Street, his Complaint contains no other factual allegations setting forth any relationship between himself and the defendants, or between the defendants themselves. (*Id.*)

## III. ARGUMENT

### A. All Defendants are Entitled to Dismissal of the Claims Against them Because the Complaint was not Properly Served

A complaint may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The plaintiff bears the burden of establishing the validity of service when it is

---

[3] Cipriani 42nd Street, LLC previously did business as Cipriani 42nd Street, located at 110 East 42nd Street, but is no longer doing business as Cipriani 42nd Street, and is inactive. (Reuter Aff. ¶ 4.) Cipriani Fifth Avenue, LLC does business as the Rainbow Room, located at 30 Rockefeller Plaza. (Reuter Aff. ¶ 5.) GC Ballroom Operator, LLC does business as Cipriani 55 Wall Street, located at 55 Wall Street. (Reuter Aff. ¶ 6.)

challenged. *Zen Music, Inc. v. CVS Corp.*, 1998 U.S. Dist. LEXIS 20196, at *4 (S.D.N.Y. Dec. 30, 1998). Under both federal and state law, a corporation or limited liability company may be served by delivering the summons to an agent authorized to receive service. Fed. R. Civ. P. 4(h); N.Y.C.P.L.R. § 311(a).[4]

In this case, Plaintiff did not serve an agent authorized to accept service on behalf of the defendants. Rather, he left the papers with a receptionist of Cipriani USA, Inc. who specifically stated that she had no authority to accept them. Plaintiff's attempt at service was unsuccessful because he left the summonses with an individual who was not authorized to receive service. Even Plaintiff, in his Proofs of Service, asserts only that the receptionist was authorized to accept service on behalf of Cipriani 42nd Street, LLC. (Docket Entries No. 2-19.) Accordingly, the claims against the other entities should be dismissed for improper service. Further, even with regard to Cipriani 42nd Street, LLC, and Cipriani USA, Inc. – the entity that employs the receptionist – service of process was improper. Courts have frequently found service to be insufficient when a summons is left with receptionists or other low-level employees who have informed the process server that they were not authorized to accept service. *McKibben v. Credit Lyonnais*, 1999 U.S. Dist. LEXIS 12310, at *7 (S.D.N.Y. Aug. 10, 1999); *see also Popkin v. Xerox Corp.*, 204 A.D.2d 704, 705 (2d Dep't 1994) (finding service invalid where process server threw the summons down on the receptionist's desk after the office's financial control manager told the process server that they were not authorized to accept service of legal papers); *Colbert v. Int'l Sec. Bureau, Inc.*, 79 A.D.2d 448, 454-55 (2d Dep't 1981) (holding service upon receptionist employed by corporate defendant did not confer jurisdiction on the corporation

---

[4] While state law also provides other methods of service, such methods are not implicated by the facts of this case and are, thus, not discussed herein.

where receptionist possessed no supervisory or administrative duties, she specifically told the process server that she was not authorized to accept service, and the process server was not directed to her by other employees as a proper person upon whom service could be made).

Here, Plaintiff's failure to effect service upon any of the defendants in accordance with the Federal Rules of Civil Procedure or New York's Civil Practice Law and Rules warrants dismissal of the Complaint in its entirety.

### B. The Non-Employing Entities are Entitled to Dismissal of the Claims Against them Because they did not "Employ" Plaintiff

In addition to a dismissal for insufficiency of service of process, the Non-Employing Entities are entitled to dismissal of the claims against them, pursuant to Rule 12(b)(6), for failure to state a claim.

#### 1. Legal Standard for Dismissal

To survive a motion to dismiss pursuant to Rule 12(b)(6), "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In other words, to state a claim, the complaint must contain enough facts to suggest that the allegations are "plausible." *Twombly,* 550 U.S. at 556. A formulaic recitation of the elements of a cause of action will not do. *Id.* at 555.

Further, while the Court must construe factual allegations in the light most favorable to the plaintiff, it is not required to accept legal conclusions asserted in the Complaint. *SEC v. Simpson Capital Mgmt., Inc.*, 586 F. Supp. 2d 196, 199 (S.D.N.Y. 2008). Thus, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotations omitted).

### 2. Argument for Dismissal

The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA defines the concept "to employ" as meaning to "suffer or permit to work." 29 U.S.C. § 203(g). An FLSA claim can only be brought against an "employer." 29 U.S.C. § 216. Whether an entity is an individual's employer is a question of law.[5]

Factors that suggest an employer-employee relationship include the ability to hire and fire, supervision and control of work schedules or conditions of employment, determinations concerning rate and method of payment, and maintenance of employment records. *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). Plaintiff has not alleged the existence of any of these facts with respect to the Non-Employing Entities. While he refers to all of these entities as his "employer," he asserts that he only worked for Cipriani 42nd Street, Cipriani Wall Street and the Rainbow Grill. He makes no assertions whatsoever concerning his relationship with the Non-Employing Entities, and, thus, fails to set forth facts sufficient to state a claim against them as his "employer."

Plaintiff also fails to allege that the defendants are a "single employer," such that they should each be liable for each others' alleged violations of the FLSA and New York Labor Law. To support his claims against the Non-Employing Entities on a single employer theory, Plaintiff

---

[5] The New York Labor Law employs similar standards to the FLSA with respect to employment status, so the same analysis can be used to analyze both federal and state wage claims. *Cannon v. Douglas Elliman*, 2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Dec. 10, 2007).

would need to set forth allegations showing that they had an interrelation of operations, common management, centralized control over labor relations, and common ownership or financial control with the entities for which he allegedly worked. *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240-41 (2d Cir. 1995); *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 486 (3d Cir. 2001). But no such facts are alleged in the Complaint. The only assertion in the Complaint that even arguably provides a connection between the entities is the allegation that they all have the same place of business. Even if that allegation were true, which it is not, it would be insufficient to establish that the separately organized and operated entities act as a single employer. *See, e.g., Cardinale v. Southern Homes of Polk County, Inc.*, 2008 U.S. Dist. LEXIS 21716, at *27-29 (M.D. Fla. Mar. 19, 2008) (finding two companies, with the same owner, were not a single employer even where they occupied adjoining office suites and shared equipment); *Cannon v. Douglas Elliman,* 2007 U.S. Dist. LEXIS, at *10-11 (S.D.N.Y. Dec. 10, 2007) (finding allegation that defendants shared an office space insufficient to establish their joint employer status).

Even reading the Complaint generously, Plaintiff has failed to provide any factual support for his contention that he was an "employee" of the Non-Employing Entities in order to impose liability against them under the Fair Labor Standards Act or New York State Labor Law. His conclusory allegation that defendants were his "employer" is simply insufficient to prevent a motion to dismiss. *Smith*, 291 F.3d at 240; *see also Lin v. Comprehensive Health Mgmt., Inc.*, 2009 U.S. Dist. LEXIS 29779, *7-8 (S.D.N.Y. Apr. 9, 2009) (simply pleading that defendants were employers within the meaning of the FLSA was insufficient to overcome motion to dismiss); *Cannon*, 2007 U.S. Dist. LEXIS, at *12 (granting motion to dismiss because plaintiffs

did not show that defendant played a role in supervising their work and, thus, did not sufficiently allege joint employer status).

## IV.     CONCLUSION

For all the reasons stated herein, defendants respectfully request that the Court grant their motion to dismiss the Complaint for insufficiency of service of process and that the Court grant the Non-Employing Entities' motion to dismiss the Complaint for failure to state a claim.

Date:   June 8, 2009
        New York, New York

                                       /s Sara Sheinkin
A. Michael Weber (mweber@littler.com)
Michael P. Pappas (mpappas@littler.com)
Sara Danielle Sheinkin (ssheinkin@littler.com)
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
212.583.9600

Attorneys for Defendants